GULF, C. & S. F. RY. CO. v. KUEHN.
(No. 5832.)

(Court of Civil Appeals of Texas. Austin.
Nov. 22, 1917.)

RAILROADS ⬳440—INJURY TO ANIMALS—VARIANCE—JOINT OWNERSHIP.

Where plaintiff sued as sole owner of certain cows to recover for their death, and the proof was that he was not such owner, but was a joint owner, he could not recover; as one joint owner had no right to maintain an action and recover the value of the cows.

Appeal from San Saba County Court; J. T. Hartley, Judge.

Action by R. W. Kuehn against the Gulf, Colorado & Santa Fé Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Terry, Cavin & Mills and A. H. Culwell, all of Galveston, for appellant.

KEY, C. J. Appellee sued appellant and recovered a judgment for the value of two cows and $15 attorney's fees.

The clear and undisputed proof shows that the cows in question belonged to a partnership, consisting of plaintiff, R. W. Kuehn, and two other men, and when that proof was developed the defendant filed a motion asking the court to abate the suit upon the ground that the other two partners were interested in the subject-matter of the litigation, and therefore should have been made parties plaintiff, which motion was overruled; and that ruling is assigned as error.

We sustain that assignment, and also the contention that the proof failed to show that appellant was in any wise to blame for the death of one of the cows. Even if appellant wrongfully caused the death of the cows, one of the joint owners has no right to maintain an action and recover the value of the cows, when the judgment rendered would not protect appellant against a suit by the other joint owners or by the partnership. Appellee sued as sole owner of the property, and the proof showed that he was not such owner.

Reversed and remanded.